UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BEYENE DANIEL TEWODROS, aka
TEWODROS BEYENE, aka
TEWODROS MINWALKULET,                                    DECISION and ORDER
DIN No. 18-B-1735,
                                          Petitioner,

-vs-                                                     20-CV-7022 CJS


WILLIAM BARR, U.S. Attorney General,

                                          Respondent.
_____


INTRODUCTION

      Now before the Court is an application for a temporary restraining order ("TRO")

(ECF No. 6) by the Petitioner.    The application is denied.

BACKGROUND

      Petitioner is presently confined in the custody of the New York State Department

of Corrections and Community Supervision ("DOCCS") at Groveland Correctional Facility

("Groveland").   Petitioner indicates that his inmate DIN Number is 18-B-1735, which,

according to DOCCS, belongs to an inmate named Tewodros Minwalkulet.[1]   Evidently,

_____

[1] http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000

Petitioner and Minwalkulet are the same person, and it is unclear why Petitioner is using a name in this action that is different than the name by which he is identified by DOCCS. DOCCS indicates that Petitioner is presently serving a 5-year sentence based on convictions for selling marijuana and controlled substances, and that his conditional release date is March 19, 2021.[2]   Petitioner maintains that in August, 2020, he was granted conditional parole for the purpose of deportation, but he remains in DOCCS custody.

On December 1, 2020, Petitioner filed the subject petition for habeas corpus pursuant to "28 U.S.C. § 2241(C)(2)(3)." The Petition alleges generally that Petitioner is "unlawfully restrained of his liberty by respondents because he is subject to an administratively final order of removal that is contrary to existing law and precedent." The Petition requests both a writ of habeas corpus and a TRO "to preclude respondents from executing" the order of removal.

The petition indicates that Petitioner is a native and citizen of Ethiopia who entered the United States in 1998 "without a valid passport as a visitor."   A document attached to the Petition seems to indicate that Petitioner entered the United States using a false name on a German passport.[3]   In 2001, an Immigration Court issued an order of removal, which became final on November 20, 2001.   However, Petitioner "did not

---

[2]  *See,* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000

[3]  ECF No. 1 at p. 40.

comply" with the order because he believes that he is entitled to the status of a permanent resident alien because he married a U.S. citizen. Several years later Petitioner was convicted of trafficking in controlled substances and incarcerated.

As for why Petitioner believes that he is entitled to relief from this Court, the Petition alleges that in 2001, the Immigration Court erroneously denied his request for a continuance. However, there is no indication that the final order of removal has ever been vacated or withdrawn. The Petition indicates that an immigration detainer has been lodged with DOCCS (the Immigration Detainer attached to the Petition is dated February 14, 2018), and that Petitioner expects to soon be taken into custody by the Immigration and Customs Enforcement ("ICE"). Petitioner alleges that such detention by ICE would violate his 5th Amendment Due Process rights. Petitioner also contends that his continued detention would be dangerous to his health due to the Covid-19 pandemic.

On December 9, 2020, the Court issued a Scheduling Order (ECF No. 4) that directed Respondent to file and serve a response to the Petition within 45 days. Consequently, Respondent's answer is not yet due.

On January 13, 2021, Petitioner filed the subject application for a TRO, which essentially repeats the allegations contained in the Petition.

DISCUSSION

Petitioner has applied for a TRO, and "[i]n the Second Circuit, the standard for issuance of a [TRO] is the same as the standard for a preliminary injunction." *Fairfield Cty. Med. Ass'n v. United Healthcare of New England*, 985 F. Supp. 2d 262, 270 (D. Conn. 2013), *aff'd as modified sub nom. Fairfield Cty. Med. Ass'n v. United Healthcare of New England, Inc.*, 557 F. App'x 53 (2d Cir. 2014).   "For a preliminary injunction to issue, the movant must establish (1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183– 84 (2d Cir. 2019) (citation and internal quotation marks omitted).

Here, the Court finds that Petitioner has not made the required showing.   For example, Petitioner has not shown that he is likely to succeed on the merits of his petition, nor has he shown that there are sufficiently serious questions going to the merits to make them a fair ground for litigation.   For example, Petitioner does not explain why, if his claim is meritorious, there has been no activity in his immigration case since 2001. Instead, he merely baldly asserts that his impending detention and removal by ICE would be unlawful.   Nor does the Court find that Petitioner has met the requirement of showing irreparable harm, particularly where he waited nineteen years after the issuance of the final removal order, and two years after the lodging of the immigration detainer, to

4

commence this action. *See, Gen. Mills, Inc. v. Champion Petfoods USA, Inc.*, No. 20-CV-181 (KMK), 2020 WL 915824, at *11 (S.D.N.Y. Feb. 26, 2020) ("To be sure, delays in seeking relief may sometimes undermine a party's claims of irreparable harm. *See Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005).").   Consequently, the request for a TRO is denied.

A final matter relates to Petitioner's identity.   As mentioned earlier, Petitioner filed this action using the name Beyene Daniel Tewodros.   However, DOCCS identifies him as Tewodros Minwalkulet, which is apparently the name under which he was prosecuted by the State of New York.   Additionally, it appears that Petitioner currently has other legal actions pending in the New York State Courts using the name "Minwalkulet, Tewodros," including an appeal of an Article 78 ruling that is scheduled to be heard before the Appellate Division Fourth Department on February 22, 2021.[4]   Meanwhile, a purported marriage transcript attached to the Petition lists Petitioner's name as "Tewodros D. Beyene."   Finally, Petitioner evidently signed an immigration document attached to the Petition as "Beyene Tewodros,"[5] while he signed other documents simply as "Teddy." Consequently, Petitioner's identity is presently unclear to the Court.

---

[4] https://ad4.nycourts.gov/njs/term/argument/calendar?date=2021-02-22T00:00:00.000Z&venue=1

[5] ECF No. 1 at p. 30.

A litigant cannot pursue an action using a false name. *See, e.g., Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003) (Affirming dismissal of § 1983 action with prejudice due to plaintiff's commencement of action using a false name).   Accordingly, the Court will direct that Petitioner file a sworn statement concerning his identity and true legal name, addressing the inconsistencies mentioned above.   Petitioner shall include an explanation for why he is pursuing actions in different courts using different names.   The Court will also direct Petitioner to list and describe the legal proceedings that he has currently pending before other courts and agencies, including the matter pending before the Appellate Division, since that information may be relevant to this action.   The Court also requests that when Respondent files his response to the Petition he provides whatever information the Government has concerning Petitioner's identity.

CONCLUSION

For the reasons discussed above the application for a TRO (ECF No. 6) is denied. Further, it is hereby ORDERED that within fourteen (14) days of the date of this Decision and Order, Petitioner shall file a sworn statement setting forth his full legal name and explaining his inconsistent use of different names as discussed above.   It is further ORDERED that along with the statement concerning his identity, Petitioner shall list each and every matter or proceeding that he currently has pending in other courts or before other agencies, along with a description of each such matter or proceeding.   Petitioner's failure to comply with these directives may result in sanctions, up to and including

dismissal of the action.    The Clerk of the Court is directed to amend the caption of the action as set forth above.

So Ordered.

Dated:        Rochester, New York
              January 15, 2021

ENTER:

CHARLES J. SIRAGUSA
United States District Judge