UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BEYENE DANIEL TEWODROS, aka
TEWODROS BEYENE, aka
TEWODROS MINWALKULET,                    DECISION and ORDER
DIN No. 18-B-1735,
                                  Petitioner,

-vs-                                      20-CV-7022 CJS


MERRICK B. GARLAND,
U.S. Attorney General,[1]

                                  Respondent.
_____

INTRODUCTION

Now before the Court is Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's cross-motion to dismiss the petition (ECF No. 8) for lack of jurisdiction. For the reasons discussed below, the application for writ of habeas corpus is dismissed.

BACKGROUND

On December 1, 2020, Petitioner filed the subject petition for habeas corpus

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Merrick B. Garland, United States Attorney General, is automatically substituted for former United States Attorney General William Barr.

1

pursuant to "28 U.S.C. § 2241(C)(2)(3)." The Petition alleged generally that Petitioner was "unlawfully restrained of his liberty by respondents because he [was] subject to an administratively final order of removal that is contrary to existing law and precedent." The Petition requested both a writ of habeas corpus and injunctive relief "to preclude respondents from executing" the order of removal.

The petition set forth the following facts: Petitioner is a native and citizen of Ethiopia who entered the United States in 1998 "without a valid passport as a visitor." In 2001, an Immigration Court issued an order of removal, which became final on November 20, 2001.   However, Petitioner maintains that he was "paroled" pending removal." ECF No.10 at p. 6.   Several years after the issuance of the final order of removal, Petitioner was convicted of trafficking in controlled substances and incarcerated by the State of New York.   Indeed, when Petitioner commenced this action he remained confined in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Groveland Correctional Facility ("Groveland"), where he was serving a 5-year sentence based on convictions for selling marijuana and controlled substances.   Petitioner's scheduled release date was March 19, 2021.[2]

As for why Petitioner believed that he was entitled to relief from this Court, the Petition alleged that in 2001 the Immigration Court had erroneously denied his request

---

[2] See, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000

for a continuance.   Although, the final order of removal has never been vacated or withdrawn.   The Petition further indicated that an immigration detainer had been lodged with DOCCS (the Immigration Detainer attached to the Petition was dated February 14, 2018), and that Petitioner expected to be taken into custody by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), as soon as his state prison sentence was completed.   Petitioner alleged that such detention by ICE would violate his 5th Amendment Due Process rights.   Petitioner also contended that his continued detention would be dangerous to his health due to the Covid-19 Pandemic.

On December 9, 2020, the Court issued an Order (ECF No. 4) which, *inter alia*, directed the Respondent to answer or move against the Petition within 45 days, and directed Petitioner to file any response to any motion to dismiss by the Respondent within 25 days.[3]

On January 25, 2021, Respondent filed the subject motion to dismiss the petition (ECF No. 8), asserting several grounds for dismissal.   First, Respondent contends that the Court lacks subject matter jurisdiction since Petitioner was in state custody, not

---

[3] Petitioner subsequently filed a motion for preliminary injunctive relief (ECF No. 6), which the Court denied by Decision and Order (ECF No. 7) filed on January 15, 2021.   The Decision and Order included a direction to Petitioner to file additional information concerning his inconsistent use of names.   On January 28, 2021, Petitioner filed a response (ECF No. 10) as directed.   However, none of that has any bearing on the subject motion to dismiss for lack of subject-matter jurisdiction.

3

federal custody, when he filed the petition. In that regard, Respondent asserts that although DHS lodged an immigration detainer with DOCCS, such fact did not establish that Petitioner was in federal custody: "[W]hile the issuance of an immigration detainer may lead to Petitioner's return to DHS custody in the future, it does not provide a basis for Petitioner to bring a habeas petition now." Respondent's Memo of Law at p. 2. Respondent argues, therefore, that the Court lacks subject-matter jurisdiction since Petitioner is not "in [federal] custody" within the meaning of 28 U.S.C. § 2241(c).

Further, Defendant contends that even if Petitioner is in DHS's custody, he has no valid basis for habeas relief since he is the subject of a final order of removal, and DHS would have to detain him for at least 90 days during the "removal period" pursuant to 8 U.S.C. § 1231(a)(1)(A), (a)(2), and could detain him for up to six months without raising any constitutional concerns. *See*, Respondent's Memo of Law at p. 6 ("[E]ven if Petitioner is returned to DHS custody in the future, he cannot bring a habeas claim until after the 90-day removal period and six month presumptively reasonable period have expired. "

Additionally, Respondent argues that the Petition should be dismissed since it fails to name a proper custodian as the respondent. *See*, Respondent's Memo of Law at p. 7 ("Petitioner is detained in state prison, but has sued federal officials. This too warrants dismissal.").

Respondent also maintains that insofar as the Petition is attempting to challenge the final order of removal or to obtain a stay of removal, it lacks merit and must be

dismissed, since this Court lacks jurisdiction to grant either type of relief. Respondent's Memo of Law at pp. 7, 8.

As mentioned earlier, Petitioner was required to file and serve any response to Respondent's motion within 25 days, but he filed nothing in opposition.

On March 24, 2021, Respondent further informed the Court that Petitioner was released from DOCCS custody, and that DHS did *not* thereafter take him into custody, despite the immigration detainer. Respondent maintains, rather, that Petitioner is presently living in Rochester, New York.

## DISCUSSION

Respondent contends that the Court lacks jurisdiction since Petitioner is not in federal custody, even though he is the subject of both a final order of removal and an immigration detainer. In support of that argument, Respondent cites several non-binding decisions from other courts. However, Respondent did not cite the Second Circuit's 2003 decision in *Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir.2003), which held that an alien who is subject to a final order of removal is "in custody" for purposes of § 2241(c).[4]

---

[4] *See also, Simmonds*, 326 .3d at 354 ("Although Simmonds is not, literally, a prisoner of the INS, courts have long recognized that the writ is available to those who, although not actually imprisoned, suffer such a curtailment of liberty as to render them 'in custody.'"); *Vu C. Kieu v. Off. of Det. & Removal, U.S. Immigr. & Customs Enf't*, No. 5:10-CV-127, 2010 WL 4975502, at *3 (D. Vt. Nov. 1, 2010) ("[T]he [§ 2241] writ must be sought against the authority that has custody of the petitioner. That authority, however, is not always the authority in whose [actual] custody the petitioner is found.") (citations and internal quotation marks

Pursuant to *Simmonds*, Petitioner was "in custody" when he commenced this action.[5]  Moreover, even though Petitioner was later released from DOCCS custody and has not been taken into DHS custody, he still is the subject of a final order of removal, which, according to *Simmonds*, is enough to satisfy the "in custody" requirement under § 2241. *See, Simmonds*, 326 F.3d at 354 ("Simmonds' final order of removal is sufficient, by itself, to establish the requisite custody.").   Consequently, Respondent's argument for dismissal based on the "in custody" requirement lacks merit.

However, even if Petitioner is "in custody," the Court agrees with Respondent that the Petition otherwise lacks merit since Petitioner cannot obtain the relief that he is seeking, namely, a writ of habeas corpus and a stay of removal.

Liberally construing Petitioner's submissions, his request for a writ of habeas corpus was preemptive, to prevent him from being taken into physical custody by DHS once his New York State sentence was completed.   He was, though, never actually taken into DHS custody, so he has no claim based on detention.

The remaining aspects of his petition involve a challenge, directly or indirectly, to

---

omitted), *report and recommendation adopted sub nom. Kieu v. Off. of Det. & Removal*, No. 5:10-CV-127, 2010 WL 4973517 (D. Vt. Dec. 2, 2010).

[5] *See, Prescott v. Holder*, No. 11-CV-161 CBA, 2011 WL 319941, at *1 (E.D.N.Y. Jan. 27, 2011) ("The Second Circuit has held that an "alien prisoner[ ] challenging [a] final removal order[ ] ... is in INS custody for purposes of § 2241" when he is in state custody, the INS has filed a "detainer" with state prison officials, and the INS has imposed a final order of removal such that "there is a reasonable basis to conclude that the INS will take custody of the prisoner upon his or her release from state prison." [*Simmonds*, 326 F.3d] at 356.").

the removal order.⁶    However, this Court lacks jurisdiction to review orders of removal. *See, e.g., Lainez v. McHenry*, 809 F. App'x 40, 41–42 (2d Cir. 2020) ("District courts generally lack jurisdiction to entertain a direct or indirect attack on a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 53, 55 (2d Cir. 2011) (citing 8 U.S.C. § 1252(a)(5)). "[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal," 8 U.S.C. § 1252(a)(5)[.]").

For this same reason, the Court also lacks jurisdiction to grant a stay of removal. *See, Absolam v. Barr*, No. 20-CV-6029-FPG, 2020 WL 263649, at *2 (W.D.N.Y. Jan. 17, 2020), ("This provision [8 U.S.C. § 1252(a)(5)] precludes a district court from entertaining either direct or indirect challenges to a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). By extension, district courts do not have jurisdiction to grant "stays of removal in such cases." *Rodney v. Gonzales*, No. 05 CV 3407, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006); *see also Al-Garidi v. Holder*, No. 09-CV-6160, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) (collecting cases)."), appeal withdrawn, No. 20-353, 2020 WL 4333334 (2d Cir. May 19, 2020).

Accordingly, the Court agrees with Respondent that the petition should be dismissed.

---

⁶ Petitioner does not actually appear to be asking this Court to directly review the final order of removal. Indeed, in his response to the Court's prior order directing him to clarify his correct name, Petitioner indicated that he was preparing to mount various administrative challenges to his removal order. ECF No. 10 at pp. 5-6.

7

CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss (ECF No. 8) is granted and the habeas petition is dismissed.  The Clerk of the Court is directed to amend the caption as shown above, pursuant to Fed. R. Civ. P. 25(d).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated:      Rochester, New York
            April 19, 2021
                                        ENTER:


                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge